# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00736-CR

---

**David Anthony Lockett, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 20TH DISTRICT COURT OF MILAM COUNTY**
**NO. CR28,082, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant David Anthony Lockett seeks to appeal from the trial court's restitution order. Lockett pleaded guilty to assault on a peace officer and, pursuant to a plea agreement, was sentenced to eight years' confinement. *See* Tex. Penal Code § 22.01(a)(1), (b-1). At a subsequent hearing, provided for in the agreement, he was ordered by the trial court to pay $2,809.10 in restitution.

The rules of appellate procedure require a trial court's certification of the defendant's right to appeal "each time it enters a judgment of guilt or other appealable order." *See* Tex. R. App. P. 25.2(a)(2). When determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as "a certification which is correct in form but which, when compared to the record before the court,

proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614–15.

On March 23, 2023, the trial court certified that (1) this is a plea-bargain case and Lockett has no right of appeal, and (2) Lockett has waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). However, on October 30, 2023—following the restitution hearing—the court granted Lockett's motion for permission to appeal the judgment of restitution. *See id.* (providing that defendant in plea-bargain case may appeal after getting trial court's permission).

Given the apparent discrepancy between the certification and the record, we abate this appeal and remand the cause to the trial court for entry of a corrected certification addressing Lockett's right to appeal from the restitution judgment. *See id.* 34.5(c); 37.1; *Dears*, 154 S.W.3d at 614 (stating that appellate courts have authority under Rules of Appellate Procedure "to obtain another certification, whenever appropriate"). The district court clerk is instructed to file with this Court a supplemental clerk's record containing that corrected certification no later than January 22, 2024.

Before Chief Justice Byrne, Justices Smith and Theofanis

Abated and Remanded

Filed: January 5, 2024

Do Not Publish

2